**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| DATACLOUD TECHNOLOGIES, LLC, | |
| Plaintiff, | Civil Action No. 1:25-cv-_____ |
| v. | **JURY TRIAL DEMANDED** |
| REDDIT, INC., | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff DataCloud Technologies, LLC (hereinafter, "Plaintiff" or "DataCloud") files this Complaint for patent infringement against Defendant Reddit, Inc. ("Defendant" or "Reddit") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.     This is a patent infringement action to stop Defendant's infringement of the following United States Patents (collectively, the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO"):

| | U.S. Patent No. | Reference |
|---|---|---|
| 1. | 6,560,613 | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/6560613<br><br>https://patents.google.com/patent/US6560613B1/en?oq=6%2c560%2 |
| 2. | 6,651,063 | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/6651063<br><br>https://patents.google.com/patent/US6651063B1/en?oq=6%2c651%2c063 |
| 3. | 7,209,959 | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7209959<br><br>https://patents.google.com/patent/US7209959B1/en?oq=7%2c209%2c959 |
| 4. | 7,398,298 | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7398298<br><br>https://patents.google.com/patent/US7398298B2/en?oq=7398298 |
| 5. | 8,156,499 | https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/8156499<br><br>https://patents.google.com/patent/US8156499B2/en?oq=8%2c156%2c499 |
| 6. | 7,246,351 | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7246351<br><br>https://patents.google.com/patent/US7246351B2/en?oq=7%2c246%2c351 |
| 7. | 8,607,139 | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/8607139<br><br>https://patents.google.com/patent/US8607139B2/en?oq=8%2c607%2c139 |

2.     Plaintiff seeks monetary damages.

## PARTIES

3.    DataCloud is a limited liability company organized and existing under the laws of the State of Georgia and maintains its principal place of business at 44 Milton Avenue, Suite 254, Alpharetta, Georgia, 30009 (Fulton County).

4.    Based upon public information, Reddit, Inc. is a corporation organized under the laws of the state of Delaware.

5.    Based upon public information, Reddit has its principal place of business at 303 2nd Street, South Tower, 5th Floor, San Francisco, California, 94107.

6.    Based upon public information, Reddit may be served through its registered agent, Corporation Service Company located at 251 Little Falls Drive, Wilmington, Delaware, 19808.

## JURISDICTION AND VENUE

7.    Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

8.    This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

9.    Defendant is subject to this Court's specific and general personal jurisdiction under due process because of its substantial business in this Judicial District, in the State of Delaware, and in the United States, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in this state, in this District, and in the United States.

10.    Specifically, Defendant intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in this District, in the State of

Delaware, and in the United States, directly, through intermediaries, by contributing to and through the inducement of third parties, and offers and sends its products and services, including those accused of infringement here, to customers and potential customers located in this state, including in this District, and in the United States.

11.    More specifically, Defendant directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and services in the United States, the State of Delaware, and in this District.

12.    Based on the foregoing, Defendant has significant ties to, and presence in, the State of Delaware and this District, making venue in this Judicial District both proper and convenient for this action.

13.    Therefore, venue is proper in this District pursuant to 28 U.S.C. §1400(b).

## PREVIOUS NOTICE OF THE ASSERTED PATENTS

14.    Defendant was previously notified of the applicability of DataCloud's patent portfolio to Defendant's products and services, and of Defendant's infringement of the Asserted Patents, by way of the letter(s) listed below:

- 3/15/23: DataCloud Licensing Letter sent to Mr. Benjamin Lee – Chief Legal Officer (*via* FedEx and email)
- 10/24/23: DataCloud Licensing Email sent to Mr. Lee
- 11/8/23: Follow up email sent to Mr. Lee

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,560,613

15.    Plaintiff re-alleges and incorporates by reference each of paragraphs 1-14 above as though fully set forth in their entirety.

16.    U.S. Patent No. 6,560,613 (the "'613 patent") was issued on May 6, 2003 after full and fair examination by the USPTO of Application No. 09/500,212 which was filed on February 8, 2000. The '613 patent is titled "Data organization and management system and method." *See*

'613 patent at p.1. A Certificate of Correction was issued on August 26, 2003.

17. DataCloud owns all substantial rights, interest, and title in and to the '613 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

18. DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '613 patent.

19. The claims of the '613 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve networks and network systems by anonymizing network activity for individual clients and groups of clients.

20. The written description of the '613 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

21. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '613 patent, either literally or under the doctrine of equivalents, because it shipped, distributed, made, used, imported, offered for sale, sold, and/or advertised the products and services described below in a way that infringes.

22. For instance, Defendant performed at least claim 11 of the '613 patent by performing a method in a computer system for disambiguating file descriptors, the method comprising: intercepting system calls that establish a file stored on media; intercepting system

calls that create a copy of at least one file descriptor; storing at least one indicator that a file descriptor established by an intercepted system call is associated with a file stored on media; storing at least one indicator concerning a created copy of a file descriptor; and examining at least one stored indicator to determine with what file type a file descriptor is associated.

23.    Reddit used Fastly CDN for the delivery of data to the users. Fastly is a high-performance content delivery network (CDN) that enhances web performance with real-time caching and edge computing. It supports virtualization technologies, enabling flexible deployment in cloud-native and containerized environments. Fastly delivers content closer to users, reducing latency and improving load times for dynamic applications.

24.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

25.    Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT II: <u>INFRINGEMENT OF U.S. PATENT NO. 6,651,063</u>**

26.    Plaintiff re-alleges and incorporates by reference each of paragraphs 1-14 above as though fully set forth in their entirety.

27.    U.S. Patent No. 6,651,063 (the "'063 patent") was issued on November 18, 2003 after full and fair examination by the USPTO of Application No. 09/493,911 which was filed on January 28, 2000.  The '063 patent is titled "Data Organization And Management System And Method."  *See* '063 patent at p.1.  A Certificate of Correction was issued on February 3, 2004.

28.    DataCloud owns all substantial rights, interest, and title in and to the '063 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and

to collect damages for all relevant times.

29.     DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '063 patent.

30.     The claims of the '063 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve networks and network systems by providing an organization scheme to streamline the process for storage and retrieval of information through a combination of automatic categorization and user influence.

31.     The written description of the '063 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

32.     Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '063 patent, either literally or under the doctrine of equivalents, because it shipped, distributed, made, used, imported, offered for sale, sold, and/or advertised the products and services described below in a way that infringes.

33.     For instance, Defendant performed at least claim 4 of the '063 patent by performing a method for providing information to one or more users of a system comprising the steps of: storing information to be provided in an information pack; associating with said information pack at least a user destination address associated with one of a multiplicity of user data repositories each of said user data repositories associated with at least one of said users and a category

identifier; associating with said information pack a provider identifier; communicating said information pack by means of a network to said user data repository associated with the user destination address; locating said information pack in a location of said user data repository associated with the user destination address reserved for information corresponding to a category to which said category identifier corresponds; and further comprising, after said step of communicating the information pack to said user data repository associated with the user destination address, the steps of: creating a custom location in said user data repository; placing said information pack in said custom location; associating a custom category identifier with said information pack; sending a custom category signal to a processing station uniquely associated with said user data repository including a data storage means and a data processing means, said data storage means storing together said custom category identifier and said provider identifier, and said data processing means analyzing the provider identifier of subsequent of said information packs, comparing said provider identifier of said subsequent information packs with said provider identifier stored in said storage means and in the event of a match between the provider identifier of one of said subsequent information packs and the provider identifier stored in said storage means, placing said one of the subsequent information packs in said custom location.

34.     Reddit's Reddit mobile app was accessible *via* the Google Play Store. In order to download the app to an Android phone, 'Reddit' associated the APK file with a user destination address, such as an IP address. Windows File Explorer allows users to administer the files. The information pack (*e.g.,* APK file) was associated with a provider identifier, such as the organization (O) of "reddit Inc." in an APK certificate. The information pack (*e.g.,* APK) was communicated by a network to the data repository as recited. The information pack (*e.g.,* Reddit APK) was located in a data repository as recited. com.reddit.frontpage created a custom location

(*e.g.,* directory) in a said data repository (*e.g.,* subdirectories for apps in "data"). com.reddit.frontpage placed said information pack (*e.g.,* subdirectories for 'Reddit' APK' in a said custom location. The public key, or modulus, is an example of a custom category identifier, which is associated with the information pack (*e.g.,* APK). Updating the app is an example of sending a custom category signal as recited. The data repository included the recited data storage means and data processing means. Valid Android APK files contain a signature (public key) that allows to identify the author of the APK file.

35.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

36.    Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT III: <u>INFRINGEMENT OF U.S. PATENT NO. 7,209,959</u>

37.    Plaintiff re-alleges and incorporates by reference each of paragraphs 1-14 above as though fully set forth in their entirety.

38.    U.S. Patent No. 7,209,959 (the "'959 patent") was issued on April 24, 2007 after full and fair examination by the USPTO of Application No. 09/542,858 which was filed on April 4, 2000. *See* '959 patent at p. 1. The '959 patent is titled "Apparatus, System, And Method For Communicating To A Network Through A Virtual Domain Providing Anonymity To A Client Communicating On The Network."

39.    DataCloud owns all substantial rights, interest, and title in and to the '959 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

40.    DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '959 patent.

41.    The claims of the '959 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve networks and network systems by anonymizing network activity for individual clients and groups of clients for, among other reasons, security, traffic management, and routing purposes.

42.    The written description of the '959 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

43.    Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '959 Patent, either literally or under the doctrine of equivalents, because it shipped, distributed, made, used, imported, offered for sale, sold, and/or advertised the products and services described below in a way that infringes.

44.    For instance, Defendant performed at least claim 1 of the '959 patent by performing a method comprising: in response to a request by a client to initiate communication with a destination website; setting up a forwarding session between the client and a destination server corresponding to the destination website, the forwarding session employing a forwarder disposed between the client and the destination server to forward packets sent from the client to the destination server and to forward packets sent from the destination server to the client; employing

the forwarder to transfer packets between the client and the destination server during the forwarding session, wherein the forwarding session is set up and implemented such that neither the client or the destination server is aware of the employment of the forwarder; employing a controller configured to communicate with the forwarder and a domain name server, wherein the controller queries the domain name server to resolve the name of the destination website associated with the destination server and initiates communication with the forwarder in response to an answer from the domain name server to resolve the name of the destination website associated with the destination server; employing a deceiver configured to communicate with the controller and the client, wherein the deceiver receives the request by the client to initiate communication with the destination website and initiates the controller to query the domain name server to resolve the name of the destination website associated with the destination server; and in response to the controller receiving the answer from the domain name server and initiating communication with the forwarder, initiating the forwarding session.

45.     Reddit's website infrastructure (www.reddit.com) performed the recited method and step which shows the details for responding to website requests with Developer Tools enabled. The system depicts a high-level overview of the hosting of dynamic websites, such as used with Reddit website infrastructure. For a destination web server hosted, the web server appears to have a direct TCP connection between the local address (*e.g.,* 192.168.29.92:54096) and the client address of 64.62.219.21:443 (*e.g.,* public IP). Thus, neither the client nor the destination server is aware of the employment of the forwarder. Domains names hosted by Reddit were queried by the controller to resolve the name of the destination website associated with the destination server, such as "www.reddit.com". For example, in the complete list of 243 subdomain names for Reddit, other names share the same IP address such as wb.reddit.com. The domain name server must be

queried to find a corresponding private IP address of the destination website when subdomains share the public IP address.

46.　　Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

47.　　Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,398,298

48.　　Plaintiff re-alleges and incorporates by reference each of paragraphs 1-14 above as though fully set forth in their entirety.

49.　　U.S. Patent No. 7,398,298 (the "'298 patent") was issued on July 8, 2008 after full and fair examination by the USPTO of Application No. 11/690,803 which was filed on March 23, 2007.  *See* '298 patent at p. 1.  The '298 patent is titled "Remote Access And Retrieval Of Electronic Files."

50.　　DataCloud owns all substantial rights, interest, and title in and to the '298 Patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

51.　　DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '298 Patent.

52.　　The claims of the '298 Patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve the retrieval and transmission of data from and/or to a remote

server.

53.     The written description of the '298 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

54.     Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '298 Patent, either literally or under the doctrine of equivalents, because it shipped, distributed, made, used, imported, offered for sale, sold, and/or advertised the products and services described below in a way that infringes.

55.     For instance, Defendant performed at least claim 13 of the '298 patent by performing a method for providing remote data directory structure management across at least one communications network comprising: receiving at least one request by a computing application operating on a computer server over the communications network for remote management control of data directory structures from participating users offered through a computing device coupled to the communications network; processing the request to provide the remote management control over the data directory structures by providing data directory structure information if deemed accessible from data stored in a profile store relating to the data and data directory structures accessible to each of the participating users, the profile data store being queried for the data directory structures accessible to each of the participating users, wherein a single directory structure from among a plurality of the data directory structures associated with the profile data store is selected by each of the participating users for modification; delivering desired data and the remote management control over the desired data to identified delivery targets by the computing

application over the communications network; generating at least one notification of the delivery of the desired data to the identified delivery targets upon the delivery of the desired data to the identified delivery targets; determining if user requested data is accessible based on the information in the profile data store; and delivering the user requested data and sending a confirmation of the delivery.

56.     Reddit's Moderation Tools offered remote management capabilities, allowing moderators to efficiently control user access and permissions across various communities to create a secure communication network where each user has a dedicated profile and data directory, ensuring organized and protected data separation, to manage users in real time for editing their roles or revoking access as needed, and also receive instant notifications about confirmation, account activity, alerts, status *etc*. enabling proactive oversight.

57.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

58.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT V: <u>INFRINGEMENT OF U.S. PATENT NO. 8,156,499</u>

59.     Plaintiff re-alleges and incorporates by reference each of paragraphs 1-14 above as though fully set forth in their entirety.

60.     U.S. Patent No. 8,156,499 (the "'499 patent") was issued on November 21, 2006 after full and fair examination by the USPTO of Application No. 12/331,980 which was filed on December 10, 2008.  The '499 patent is entitled "Methods, Systems and Articles of Manufacture for Scheduling Execution of Programs on Computers Having Different Operating Systems" *See*

'499 patent at p. 1.

61.     DataCloud owns all substantial rights, interest, and title in and to the '499 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

62.     DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '499 patent.

63.     The claims of the '499 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve how computerized communications systems synchronize files across multiple nodes.

64.     The written description of the '499 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

65.     Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '499 patent, either literally or under the doctrine of equivalents, because it shipped, distributed, made, used, imported, offered for sale, sold, and/or advertised the products and services described below in a way that infringes.

66.     For instance, Defendant performed at least claim 1 of the '499 patent by performing a method for scheduling a first computer (*e.g.,* a network-attached device) communicatively coupled with the scheduling computer (*e.g.*, the App Store) to execute a first program (such as a

schedule to update firmware *via e.g.,* the App Store) wherein the first computer has a first operating system (*e.g.,* on a first network-attached device); receiving at the scheduling computer a result from the first computer (*e.g.,* whether an update is necessary or has occurred), wherein the result from the first computer is based at least in part upon the execution of the first program by the first computer (such as a firmware update schedule from *e.g.,* the App Store); and scheduling a second computer (*e.g.,* a second network-attached device) communicatively coupled with the scheduling computer to execute a second program in response to a determination that the result from the first computer meets a criterion (*e.g.,* firmware needs to be or was updated) wherein the second computer has a second operating system and the second operating system is different from the first operating system (*e.g.,* the operating system on the second network-attached device is different from the operating system on the first network-attached device).

67.     The Reddit app received regular updates on both iOS and Android platforms. These updates included performance improvements, bug fixes, and enhancements to the customization and ordering experience. The app's update process ensures compatibility with the latest mobile operating systems and supports new features for design previews, product selection, and checkout, maintaining consistent functionality across devices.

68.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

69.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT VI: <u>INFRINGEMENT OF U.S. PATENT NO. 7,246,351</u>

70.     Plaintiff re-alleges and incorporates by reference each of paragraphs 1-14 above as

though fully set forth in their entirety.

71.     U.S. Patent No. 7,246,351 (the "'351 patent") was issued on July 17, 2007 after full and fair examination by the USPTO of Application No. 10/081,921 which was filed on February 20, 2002.  The '351 patent is entitled "System And Method For Deploying And Implementing Software Applications Over A Distributed Network."  *See* '351 patent at p.1.  A Certificate of Correction was issued on November 20, 2007.

72.     DataCloud owns all substantial rights, interest, and title in and to the '351 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

73.     DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '351 patent.

74.     The claims of the '351 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve the deployment and operation of software applications over TCP/IP networks.

75.     The written description of the '351 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

76.     Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '351 patent, either literally or under the doctrine of

equivalents, because it shipped, distributed, made, used, imported, offered for sale, sold, and/or advertised the products and services described below in a way that infringes.

77.    For instance, Defendant performed at least claim 14 of the '351 patent by performing a method for storing and running a software module on a user's client device that provides text files containing embedded program logic for the software module to assemble into a functioning application (*e.g.,* a website application) that provides a graphical user interface for receiving and interpreting user inputs to the client device that enables user interaction with the computer program running on the client device.

78.    Reddit allowed users to view video content on their mobile devices, which interact with the server. The video player was associated with the code to play the video content on the user's mobile device. The video player displayed on the mobile device included options to receive user input and control the video playback using pause and play button. Reddit enables viewing video content on user's mobile devices. A software module such as the Reddit website, ran on the mobile device and connected to the Reddit server to fetch program logic and interface components as text-based files. These files included embedded code for assembling functional parts of the website such as the video player directly on the device. Once assembled, the video player provided a graphical user interface (GUI) that allowed the user to interact with the video content. This interface included user input controls for the video content such as play, pause, and other playback options, which are interpreted and handled locally on the device.

79.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

80.    Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot

be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT VII: <u>INFRINGEMENT OF U.S. PATENT NO. 8,607,139</u>

81.    Plaintiff re-alleges and incorporates by reference each of paragraphs 1-14 above as though fully set forth in their entirety.

82.    U.S. Patent No. 8,607,139 (the "'139 patent") was issued on December 10, 2013 after full and fair examination by the USPTO of Application No. 10/834,595 which was filed on April 29, 2004.  The '139 patent is entitled "System and process for managing content organized in a tag-delimited template using metadata."  *See* '139 patent at p. 1.  A Certificate of Correction was issued on June 24, 2014.

83.    DataCloud owns all substantial rights, interest, and title in and to the '139 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

84.    DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '139 patent.

85.    The claims of the '139 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve systems and processes for managing content organized in a tag-delimited template using metadata.

86.    The written description of the '139 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time

of the invention.

87.    Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '139 patent, either literally or under the doctrine of equivalents, because it shipped, distributed, made, used, imported, offered for sale, sold, and/or advertised the products and services described below in a way that infringes.

88.    For instance, Defendant performed at least claim 8 of the '139 patent by performing a method displaying a graphical interface based on a metadata template that has an object that represents a structure and an appearance of a web page wherein the object is based on a class (*e.g.,* a template where you can add/edit) stored in a base template, and wherein the graphical interface comprises an input field corresponding to the object and defining an input property of a data entry field and generating a data entry form comprising the data entry field wherein the data entry field is configured to accept input corresponding to content of the object and a web page generator configured to generate the web page based on the metadata template wherein the web page comprises the content represented by the input.

89.    The Reddit website infrastructure (https://support.reddithelp.com/hc/en-us/requests/new?ticket_form_id=360001103212) performed the recited method and step which shows the details for responding to "Submit a request" object as an example. The "Submit a request" form is configured with input fields that accept inputs from the user. The structure and appearance of the web page were determined by the object of the website. Multiple data entry fields were included in the form, each configured to receive inputs as defined by the object in the template. These data entry fields were assigned classes that were stored in a base template to handle user input. The graphical interface comprised an input field corresponding to the object, the input defining a property of a data entry field.

90.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

91.    Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

92.    Plaintiff demands a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

93.    Plaintiff respectfully requests the following relief:

A.    An adjudication that one or more claims of the Asserted Patents has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B.    An award of damages to be paid by Defendant adequate to compensate Plaintiff Defendant's past infringement, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

C.    Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

D.    That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

E.    Any further relief that this Court deems just and proper.

Dated: <u>August 25, 2025</u>                    Respectfully submitted,

**STAMOULIS & WEINBLATT LLC**

<u>*/s/ Stamatios Stamoulis*   </u>

Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 N. West Street Third Floor
Wilmington, Delaware 19801
Telephone: (302) 999-1540
Email: stamoulis@swdelaw.com
Email: weinblatt@swdelaw.com


James F. McDonough, III (GA 117088) *
Jonathan R. Miller (GA 507179) *
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866, -1863
Email: jim@rhmtrial.com
Email: miller@rhmtrial.com

**Attorneys for *Plaintiff DATACLOUD TECHNOLOGIES, LLC***

*Admission *pro hac vice* anticipated